Darren P.B. Rumack (DR-2642)
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and the putative class.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

**CARLOS MENA and DAMON GREENRIDGE**
*Individually and on behalf of others similarly situated,*

**Plaintiff**

v.

                   **COMPLAINT**
                   **Index No.**

                   **COLLECTIVE ACTION UNDER**
                   **29 USC § 216(b)**

                   **JURY TRIAL DEMANDED**

**D. DANIELS CONTRACTING LTD. d/b/a**
**DANIELS SANITATION, and DAVID E. DANIELS**

**Defendants.**

-----------------------------------------------------------------------x

   1.   Plaintiffs Carlos Mena ("Mena") and Damon Goodridge (Goodridge")
(collectively "Plaintiffs"), individually and on behalf of others similarly situated, allege as
follows:

**NATURE OF THE ACTION**

   2.   This Action seeks the recovery of unpaid wages and related damages for unpaid
overtime hours worked, on behalf of Plaintiffs, individually and on behalf of other similarly
situated co-workers – truck helpers and other similarly situated employees (collectively "Truck
Helpers") – who work or have worked for D. Daniels Contracting Ltd. d/b/a Daniels Sanitation

("Daniels Sanitation"). Plaintiffs seek these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3.      Daniels Sanitation is owned and operated by David Daniels (collectively "Defendants").

4.      Throughout the course of Plaintiffs' employment, Defendants failed to compensate its Truck Helpers with overtime premiums for hours worked over 40 per workweek.

5.      Plaintiffs and Truck Helpers are not exempt from the overtime pay requirements under federal or state law.

6.      Defendants have failed to monitor and/or properly record the actual hours worked by Plaintiffs and Truck Helpers.

7.      Defendants have applied the same employment policies, practices and procedures to all of its Truck Helpers.

## JURISDICTION AND VENUE

8.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

### PLAINTIFFS

**Carlos Mena**

10.     Plaintiff Carlos Mena, a resident of Queens County, NY, was employed as a Truck Helper for Defendants from August 2014 through on or about December 12, 2016. Plaintiff was employed by Defendants during the relevant limitations periods.

11.     Plaintiff's consent to sue form is attached as Exhibit A to the Complaint.

**Damon Greenridge**

12.     Plaintiff Damon Greenridge, a resident of Queens County, NY, was employed as a Truck Helper for Defendants from February 2016 through on or about October 29, 2017. Plaintiff was employed by Defendants during the relevant limitations periods.

13.     Plaintiff's consent to sue form is attached as Exhibit A to the Complaint.

## DEFENDANTS

14.     Defendants jointly employed Plaintiffs and the Truck Helpers at all relevant times.

15.     Each Defendant has had substantial control over Plaintiffs' and the Truck Helpers' working conditions, and over the unlawful policies and practices alleged herein.

16.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiffs and the Truck Helpers at all relevant times.

17.     During all relevant times, Defendants' operations are interrelated and unified.

18.     During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and NYLL.

**Daniels Sanitation**

19.     Daniels Sanitation is a New York Corporation with its principal executive office identified as 40 Gates Ave., Inwood, NY 11096.

20.     Upon information and belief, Daniels Sanitation has an annual gross volume of sales in excess of $500,000.00.

21.     At all relevant times, Daniels Sanitation has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

**David E. Daniels**

22.     Upon information and belief, David E. Daniels ("Daniels") is a resident of the State of New York.

23.     At all relevant times, Daniels has been the owner of Daniels Sanitation.

24.     According to the New York State Department of State Division of Corporations, Daniels is listed as the CEO of Daniels Sanitation.

25.     At all relevant times, Daniels has had power over personnel decisions at Daniels Sanitation, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all similarly situated non-exempt employees who were employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

27.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to

pay them one half and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

28.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and via email.

## FACTUAL ALLEGATIONS

29.     Defendants committed the following alleged acts knowingly, willfully and intentionally.

30.     Defendants knew that the nonpayment of overtime pay to Plaintiffs and the Landscapers would economically injure Plaintiffs and the Truck Helpers and violated state and federal laws.

### Carlos Mena

31.     Plaintiff Mena was employed by Defendants as a Truck Helper from August 2014 through on or about December 12, 2016.

32.     Mena's job duties included assisting the truck driver with loading and unloading the truck.

33.     Mena's job route was based in Queens, NY and consisted of loading and unloading cardboard and emptying trash containers.

34.     From August 2014 until January 2015, Mena generally worked five (5) days per week, from 6:30 pm until 1:30-2:30 am for Defendants.

35.     From August 2014 until January 2015, Mena was paid a rate of $16.00 per hour.

36.     In February 2015, Mena was switched to a new route with longer hours.

37.     From February 2015 until December 2016, Mena generally worked five (5) days per week, from 6:00 pm until 7:00-8:00 am for Defendants.

38.     From February 2015 until December 2016, Mena was paid a rate of $17.00 per hour.

39.     However, David Daniels told Mena that he would only be paid for up to forty-five (45) hours per week.

40.     Mena was paid entirely in check; however, once every three (3) weeks, Mena would work an additional day.

41.     Mena was paid $125.00 for the additional day in cash.

42.     This extra day was generally 6:30 pm until 1:30 or 2:00 am.

43.     On or about winter of 2015, David Daniels had all his employees sign a form in his office stating that they would be paid for a maximum number of hours per week.

44.     Daniels told the employees they would not be allowed to work if they did not sign the form.

**Damon Greenridge**

45.     Plaintiff Greenridge was employed by Defendants as a Truck Helper from February 2016 through on or about October 29, 2017, except for thirty (30) days off in late 2016, and two (2) vacation weeks.

6

46.     Greenridge's job duties included assisting the truck driver with loading and unloading the truck.

47.     Greenridge's job route was based primarily in Queens, NY and consisted of loading and emptying trash containers.

48.     Greenridge generally worked five (5) days per week, from 6:00 pm until 5:00 am for Defendants.

49.     Greenridge was paid a rate of $16.00 per hour.

50.     Greenridge was paid entirely in check; however, once every three (3) weeks, he would work an additional day.

51.     Greenridge was paid $125.00 for the additional day in cash.

52.     This extra day was generally 6:00 pm until 3:00 am.

53.     On one occasion, Daniels accused Greenridge of breaking a window on the truck, and deducted $297.20 from his August 4, 2017 paycheck.

54.     Plaintiffs and the Truck Helpers often worked in excess of forty (40) hours per workweek.

55.     Plaintiffs and the Truck Helpers were paid straight time for hours worked over forty (40) per week.

56.     Defendants unlawfully failed to pay Plaintiffs and the Truck Helpers one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

57.     Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiffs and the Truck Helpers with a written notice of their rate of pay and failed to keep proper payroll records as required under New York law.

58. Defendants further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiffs and the Truck Helpers with pay stubs (or wage statements) that contained all of the required information and/or accurate information.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

59. Plaintiffs individually and on behalf of the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

60. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protects Plaintiffs, and the FLSA Collective Plaintiffs.

61. Defendants have willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

62. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
**New York Labor Law-Unpaid Overtime Brought By Plaintiffs**

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs.

65. Defendants have willfully failed to pay Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

66.     Defendants knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

67.     As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

**THIRD CAUSE OF ACTION**
**Recordkeeping and Wage Theft Prevention Act Violations**

68.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

69.     Defendants failed to make, keep and preserve accurate records with respect to Plaintiffs, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

70.     Defendants failed to provide Plaintiffs with a written notice of rate of pay as required by NYLL § 195.

71.     Defendants failed to provide Plaintiffs with accurate wage statements as required by NYLL § 195.

72.     Defendants' failure to make, keep and preserve accurate records was willful.

73.     As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

**PRAYER FOR RELIEF**

74.    WHEREFORE, Plaintiffs, individually and on behalf of others similarly situated prays for relief as follows:

  a.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

  b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

  c.  Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

  d.  Designation of Plaintiffs as a representative plaintiff of the FLSA Collective Plaintiffs;

  e.  Penalties available under applicable laws;

  f.  Costs of the action incurred herein, including expert fees;

  g.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

  h.  Pre-judgment and post-judgment interest, as provided by law; and

  i.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and others similarly situated hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York           Respectfully submitted,
       November _Zt_, 2017

The Klein Law Group P.C.

By:      _____

Darren P.B. Rumack
39 Broadway, Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and others similarly situated.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Daniels Sanitation and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

Signature                        Date 11/21/17

Devnon Greenidge
Printed Name

11

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Daniels Sanitation and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Carlos Meia_
Signature

11-14-17
Date

CARLOS MEJIA .
Printed Name

6