

# THE KLEIN LAW GROUP, P.C.

KLEIN, KLEIN, TILLES & RUMACK
39 BROADWAY
SUITE 1530
NEW YORK, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301

SUSAN KLEIN
DAVID KLEIN
LESLIE TILLES*
DARREN P.B. RUMACK*†*

XIAN-MING LEI†
STEVEN G. DAVIS

\*Member N.Y. & N.J. Bar
†Southern District of New York and the Eastern District of New York
\*Also Admitted in District of Columbia

ALAN QUIG
Licensed New York State
Workers' Compensation
Representative

www.thekleinlawgroup.com

April 30, 2018

Judge Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:    **Mena et al v. D. Daniels Contracting Ltd., et al.**
       **17-cv-6798 (SJF)(AKT)**

Your Honor:

This letter is written in request of the Court's approval of the settlement between Plaintiff Damon Greenridge ("Plaintiff") and Defendants in the above-captioned case. The parties have reached a formal settlement agreement in the amount of $12,500.00, inclusive of attorneys' fees and costs in the amount of $4162.50, and now seek the Court's formal approval of this settlement agreement. A copy of the settlement agreement is attached hereto as Exhibit "A."

## I.    Background

Plaintiffs filed this Complaint on November 21, 2017 seeking damages for unpaid overtime under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA").[1] Plaintiff alleges that he was employed as a truck helper by Defendants. Plaintiff alleges he worked for Defendants from February 2016 through on or about October 29, 2017, less one (1) month off and two (2) vacation weeks. Plaintiff alleges he worked five (5) days per week, eleven (11) hours per day. Plaintiff alleges that he was not paid overtime for hours worked above forty (40) per workweek.

## II.    The Parties' Settlement for $12,500.00 Should Be Approved

The Second Circuit has held that settlements of FLSA claims require judicial approval. See Cheeks v Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (holding that, "[r]ule

---

[1] Plaintiff Carlos Mena voluntarily discontinued his case effective February 27, 2018

41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). In determining whether to approve a proposed FLSA settlement, relevant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

See Camacho v. Ess-a-Bagel, Inc., Index No. 14-cv-2592, 2014 U.S. Dist. LEXIS 171649, *4-6 (S.D.N.Y. Dec. 11, 2014). The settlement in the instant action meets all five criteria, and therefore the parties jointly ask the Court to approve the settlement.[2]

### a. Possible Range of Recovery

Based on the undersigned's analysis, Plaintiff determined that the potential maximum recovery for backpay in this action was $33,647.00. This figure does not include liquidated damages (which Plaintiff calculates as $33,647.00).

However, Defendant maintains that Plaintiff did not work the amount of hours alleged in the Complaint, therefore, little to no backpay for overtime is owed, and no liquidated damages would be owed under any circumstance.

### b. Primary Factual Dispute and Risks

Plaintiff alleges that he was paid straight time for hours worked over forty (40) per week. Conversely, Defendants allege that Plaintiff did not work the amount of hours alleged in the Complaint.

While Plaintiff believes that the Court would ultimately find in their favor, Defendants vigorously challenge the number of hours worked claimed by Plaintiffs. As a result, any recovery for backpay could be further reduced if Defendants were able to demonstrate that they did not work the amount of hours alleged in the Complaint.

Therefore, Plaintiff faced substantial litigation risks. There would be a fact-specific inquiry involved as to whether the hours worked alleged by Plaintiff were accurate and credible. Consequently, there was significant risk for both parties to engage in protracted and costly litigation over these issues, with no guarantee of recovery for the Plaintiff.

### III.   Fairness of Proposed Agreement

---

[2] There is no corresponding obligation for the parties to seek approval of the claims asserted based upon the New York Labor Law. See Wright v Brae Burn Country Club, Inc., 2009 US Dist LEXIS 26492, at *11 (S.D.N.Y. Mar. 20, 2009) (holding that "there is no express restriction on the private settlement or waiver of wage and hour claims under New York law.").

Plaintiff believes that the $12,500.00 settlement amount is a fair compromise to resolve this case without further litigation, and without subjecting both parties to the time and expense of further discovery and trial.

Each settling party is represented by experienced counsel. Each counsel's practice focuses on employment law and each individual attorney has significant experience in FLSA matters. Plaintiff's counsel is an attorney who primarily handles FLSA cases. Defendants' counsel similarly focuses its practice in employment litigation, including matters brought under the FLSA.

As discussed, there were several contested issues that made the settlement of the claims asserted in this action difficult. The parties exchanged numerous demands and counterproposals prior to reaching the settlement of this action for $12,500.00.

The contested issues demonstrate there was no fraud or collusion. See Meigel v. Flowers of the World, NYC, Inc., No. 11-cv-465 (KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ([T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement). Additionally, Plaintiffs are satisfied with the settlement amount and voluntarily and willingly entered into the agreement.

## IV.    Attorneys' Fees

Pursuant to the retainer agreement between Plaintiff and counsel, Plaintiff's attorneys' fees are $4162.50, which equals 33.33% of the $12,500.00 Settlement Payment. In re Lawrence, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). As Judge Pitman has explained, Cheeks does not require the Court to review a plaintiff's fee arrangement with his attorney:

> I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under Cheeks . . . . As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from overreaching by the employer. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

Villalva-Zeferino v. Park, No. 15-CV-6932 (HBP), 2016 WL 740387, at *2 n. 2 (S.D.N.Y. Feb. 17, 2016); Gutierrez v. 352 E. 86th St. Rest. Inc. d/b/a "Gracie's Corner Diner" et al., No. 15 Civ. 2064, 2016 WL 750940 at *1 n. 1(S.D.N.Y. Feb. 19, 2016).

Plaintiff's counsel's lodestar is currently $3771.00, which represents 10 hours worked on this file. As such, we believe that the contingency fee in this case is fair and reasonable. See Exhibit

"B," a true and correct copy of Plaintiff's counsel's contemporaneous time records.  The undersigned attorney billed at a rate of $400.00 per hour.  I graduated from Vanderbilt University Law School in 2007, and worked at Fox Rothschild LLP from 2007 through early 2010, a national law firm where I practiced employment litigation defense, with my primary focus on wage and hour class and collective action cases.  I have worked at The Klein Law Group PC since June 2010, and became partner in early 2016.  At The Klein Law Group, I have served as the attorney of record for dozens of wage and hour lawsuits in the Southern District of New York and the Eastern District of New York.

The one-third fee requested is a fair and reasonable amounts, as it was not only agreed upon by Plaintiff and counsel in the retainer agreement, but is also routinely approved by courts in the Second Circuit.  See Flores v. Anjost Corp., No. 11-CV-1531 (AT) 2014 WL 321831, at 9 (S.D.N.Y. Jan. 28, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277, at 1 (E.D.N.Y. Sept. 19, 2013); Mireku v. Red Vision Sys., Inc., No. 11-CV-9671 (RA) (JLC), 2013 WL 6335978, at *3 (S.D.N.Y. Dec 6, 2013).

Therefore, for the reasons above, the parties maintain that the proposed settlement is fair and reasonable, and request the Court approve the Settlement Agreement and enter an order approving the proposed notice, and dismissing the action.  Defendants do not oppose this motion.

**The Klein Law Group P.C.**

Darren Rumack, ESQ.
Attorneys for Plaintiff
39 Broadway Suite 1530
New York, NY 10006
212-344-9022

c.c.    Christian Browne (via ECF)
        counsel for Defendants

4